MARY AVERY v. ELLEN E. AVERY, Appellant, and H. W. AVERY.

ALIENATION OF AFFECTIONS: *Evidence.* Judgment for alienating affections of plaintiff's husband, the son of defendant, cannot be sustained on mere evidence that defendant disliked plaintiff, and took occasion to show it in petty ways, and that on defendant's saying she had better go, plaintiff left home, against her husband's remonstrances.

*Appeal from Mitchell District Court.*—HON. J. F. CLYDE, *Judge.*

WEDNESDAY, FEBRUARY 7, 1900.

ACTION by plaintiff to recover of defendants, who are the parents of her husband, damages for the alienation of her husband's affections. The case as against H. W. Avery was taken from the jury by the court. From a verdict and judgment against Ellen E. Avery, she appeals.—*Reversed.*

*Sweney & Lovejoy* for appellant.

*W. L. Eaton* for appellee.

Waterman, J.—Appellee does not argue the case in this court. As the cause must be disposed of on a question of fact, we need not pass upon many of the errors assigned, and we do not feel justified in doing more than setting out in a general way the facts upon which our conclusions rest. Plaintiff married Ebenezer Avery on June 3, 1896. She left him March 29, 1897, and has not lived with him since. During their married life, plaintiff and her husband made their home with his parents. She makes no complaint at all of her father-in-law's conduct, and but little of her husband's. The charges she makes are directed against her mother-in-law. The most that can be said of these, taking plaintiff's statement for it, is that the mother-in-law disliked her, and took occasion to show it in petty ways. Much of what she complains of is purely imaginary. She tells, for instance, of conversations between her husband and his mother, of which she heard no word, but fancies she was made the subject of criticism. There is no warrant for saying that any influence or effort was used by defendant to alienate her son's affections from plaintiff, or that such a result was brought about before plaintiff left him. What occurred on the day plaintiff left will illustrate the character of the case. She came down stairs in the morning, to work. It was wash day. We give her own language: "I was going to wash. Mrs. Avery came and jerked the washing machine away from me. The next thing I was doing was to rinse out some clothes. She came and jerked that pail away from me. Went off outdoors in the grove, and stayed there until my husband came after me some time in the forenoon. I was crying out there. Husband said: 'What do you mean by this?' Told him it wasn't very pleasant in the house the way they were cutting about. Told him what my mother-in-law had done to me. He said nothing. After we got back to the house, I went upstairs, and cried. He did not come up there. Stayed until just before dinner, when I came down. My husband came up after me. I took dinner there. I didn't wash the dishes after dinner. After dinner Mrs. Avery said: 'What you done this morning was worse than anything you have done yet. Now you had better pack your duds and go, and the quicker you go the better it is.' No one was present." Plaintiff packed her clothes, and went to the barn, where her husband and his father were at work. She kissed them both farewell, and left, in spite of their united remonstrances. Surely, this kind of evidence does not make a case, and there is nothing stronger than this in the record. There is, as already said, an utter failure to show that

the husband's affections were in any manner, or to any extent, alienated from plaintiff. At the conclusion of the testimony on plaintiff's part, a motion was made to have the jury instructed in defendant's favor. This should have been sustained. Because it was overruled, the judgment is REVERSED.

GRANGER, C. J., not sitting.